UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE POWERS, *on behalf of herself and all others similarly situated*,<br>　　　　Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, L.L.C.,<br>　　　　Defendant. | Worcester Superior Court C.A. # 18-1463-D |

**DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**

　　　　The Defendant Receivables Performance Management, LLC (the "Defendant") hereby removes civil case number 18-1463-D from the Massachusetts Superior Court, Worcester County, to the United States District Court, Central District of Massachusetts, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1441(b) and 1446.

**STATEMENT OF JURISDICTION**

　　　　1.　　This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

**TIMELINESS OF REMOVAL**

　　　　2.　　On September 21, 2018, the Plaintiff Stephanie Powers (the "Plaintiff") filed the civil action entitled *Stephanie Powers, on behalf of herself and all others similarly situated v. Receivables Performance Management*, in Worcester Superior Court. The civil action was given Case Number 18-1463. A true and correct copy of the Summons and State Court Complaint ("Complaint"), and all accompanying documents, are attached as Exhibit A.

　　　　3.　　On October 2, 2018, the Plaintiff served the Defendant with the Complaint by process server. A true and correct copy of the Proof of Service of Summons, filed by Plaintiffs

on October 9, 2018, is attached as <u>Exhibit B</u>.

5. Pursuant to 28 U.S.C. §1446(b), Defendant must file a Notice of Removal with this Court within thirty (30) days after completion of service upon Defendant of the initial pleading setting forth the claim for relief upon which this action or proceeding is based. Thirty days since service of the Summons and Complaint have not passed, and this matter remains removable to Federal Court.

### **BASIS FOR DIVERSITY JURISDICTION**

6. This District Court has diversity jurisdiction over this action under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of a State and citizens or subjects of a foreign state.

**(Complete Diversity)**

7. In the Plaintiff's Complaint, the Plaintiff alleges that she is an individual residing in Worcester, Worcester County, Commonwealth of Massachusetts. <u>See</u> <u>Exhibit A</u> at ¶ 6.

8. In the Plaintiff's Complaint, the Plaintiff alleges that the Defendant is a Washington business entity with a principal address of 20816 44th Avenue West, Lynnwood, Washington 98036. The Plaintiff further alleges that the Defendant does not maintain a principal place of business within the Commonwealth of Massachusetts, nor does it keep any assets in the Commonwealth of Massachusetts. <u>See</u> <u>Exhibit A</u> at ¶ 7.

9. At the time of filing of the Complaint and this Notice of Removal, Defendant is business incorporated in Washington and holds a principal place of business in Washington.

10. Accordingly, because Plaintiff is a citizen of the Commonwealth of Massachusetts and Defendant is a corporation incorporated in Washington with a principal place of business in Washington, there is complete diversity of citizenship between the Plaintiff and the Defendant.

**(Amount in Controversy)**

11. According to the Plaintiff's Complaint, the Plaintiff along with a class to be determined at a later date, seeks damages against the Defendant pursuant to the Massachusetts

Consumer Protection Act – Mass. Gen. Laws. ch. 93A, §2 – and the Massachusetts Debt Collection Regulations – 940 CMR § 7.00.  See Exhibit A at ¶¶ 22, 38, and 39.

12. In support of Plaintiff's claims for damages in this action, the Plaintiff alleges $750,000.00 in damages. See Plaintiff's Civil Action Cover Sheet attached as Exhibit C.

13. Accordingly, the amount in controversy in this action exceeds the sum or value of $75,000.00.

## **REMOVAL TO THIS JURISDICTION IS PROPER**

14. This action may be removed by Defendant to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446, in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00 and is between citizens of a State and citizens of a foreign state.

15. Venue is proper under 28 U.S.C. § 1441(a), which provides for removal to the District Court of the United States for the district and division embracing the place where the action is pending. Removal to the United States District Court for the Central District of Massachusetts is appropriate because the removed state court action was filed in Massachusetts Superior Court in the County of Worcester, which is located within this judicial district.

WHEREFORE, Defendant prays that this action be removed from the Massachusetts Superior Court, County of Worcester to the United States District Court for the Central District of Massachusetts.

Respectfully submitted,

RECEIVABLES PERFORMANCE
MANAGEMENT LLC,
Defendant, by their attorneys

Dated:  October 16, 2018                    /s/ Jack I. Siegal
Jack I. Siegal (BBO No. 669173)
857-504-2033
jsiegal@grsm.com
Gordon & Rees Scully Mansukhani
21 Custom House Street, 5th Floor
Boston, MA 02110

## CERTIFICATE OF SERVICE

I, Jack I. Siegal, hereby certify that on this 16th day of October, 2018, I served a copy of the foregoing by first class mail, postage pre-paid, addressed to:

Sergei Lemberg
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897

/s/ Jack I. Siegal
Jack I. Siegal